UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE L. WILEY, | ) | 1:10-cv-01228 LJO MJS HC |
| Petitioner, | ) ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | |
| J. HARTLEY, Warden, | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ) ) | |
| _____ | ) | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 8, 2010, Petitioner filed the instant petition for writ of habeas corpus. Petitioner challenges the California court decisions upholding a January 27, 2009, decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir. 2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213

1  (9th Cir. 2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, No. 10-333, 2011 U.S. LEXIS 1067
2  (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine
3  whether California's application of California's "some evidence" rule was unreasonable or was
4  based on an unreasonable determination of the facts in light of the evidence.  Hayward, 603
5  F.3d at 563; Pearson, 606 F.3d at 608.

6  On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.
7  Cooke, ___ U.S.___, No. 10-333, 2011 U.S. LEXIS 1067 (Jan. 24, 2011). In Swarthout, the
8  Supreme Court held that "the responsibility for assuring that the constitutionally adequate
9  procedures governing California's parole system are properly applied rests with California
10 courts, and is no part of the Ninth Circuit's business." Id. at *10. The federal habeas court's
11 inquiry into whether a prisoner denied parole received due process is limited to determining
12 whether the prisoner "was allowed an opportunity to be heard and was provided a statement
13 of the reasons why parole was denied." Id. at *6, *citing*, Greenholtz v. Inmates of Neb. Penal
14 and Correctional Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals
15 Petitioner was present at his parole hearing, was given an opportunity to be heard, and was
16 provided a statement of reasons for the parole board's decision. (See Answer Ex. A, ECF No.
17 19-1.) According to the Supreme Court, this is "the beginning and the end of the federal
18 habeas courts' inquiry into whether [the petitioner] received due process." Swarthout,2011
19 U.S. LEXIS 1067 at *7.  "The Constitution does not require more [process]." Greenholtz, 442
20 U.S. at 16.

21 Given the holding in Swarthout, this Court must and does conclude that the instant
22 petition does not present cognizable claims for relief and must be summarily dismissed.

### Certificate of Appealability

24 A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal
25 a district court's denial of his petition, and an appeal is only allowed in certain circumstances.
26 Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining
27 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:
28 (a) In a habeas corpus proceeding or a proceeding under section 2255 before

> a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) All pending motions are DENIED as MOOT;

3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   February 3, 2011**                              **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE